Abbott *v.* Whipple.

## ABBOTT *v.* WHIPPLE.

Where a party seeks to recover damages for the wrongful suing out of an attachment, his action should be founded on the attachment bond.

Where a petition is founded upon an attachment bond, the allegation that " the attachment was wrongfully sued out with wilful wrongfulness," need not be accompanied with the averment that the defendant had no sufficient reason to believe the facts in the attachment affidavit to be true.

### *Appeal from Louisa District Court.*

*Opinion by* GREENE, J. The original petition filed in this case by Edward C. Whipple, against Charles H. Abbott, claimed to recover damages to the amount of $1000, for suing out with wilful wrongfulness, a writ of attachment against said Whipple. The petition made no reference to the attachment bond, and claimed the damages as an item of account. An amended petition was filed, which averred that an attachment bond had been filed before the attachment was sued out, and " that the attachment was wrongfully sued out with wilful wrongfulness." To this amended petition a demurrer was filed, setting forth as special cause the following:

1. The suit is not, as it should be, brought on the attachment bond.

2. The said plaintiff, does not aver in his petition, that the defendant had not good reason to believe the facts in the attachment affidavit to be true.

The demurrer was overruled by the court, and that ruling is assigned as error. The amended petition has a copy of the bond annexed, but it does not in any way claim to recover upon the bond. It merely alleges that a bond was filed and gives the names of the obligors ; and yet it declares no cause of action against them upon the conditions of the bond. This right of action for damages resulting from a wrongful suing out of an attachment, is authorized by the

Code, § § 1853, 1854. But these sections require a bond and security from the plaintiff, to be approved by the clerk, for the use of the defendant, conditioned that the plaintiff will pay all damages which the defendant may sustain by reason of the wrongful suing out of the attachment. This gives the injured party a plain and adequate remedy, " in an action on such bond." § 1854, " nor need he wait until the principal suit is determined before he brings suit on the bond." As the petition in this case does not claim to be founded on the bond, and is not against the obligors, it cannot be regarded as a suit on the bond, and consequently does not come within the two sections of the Code to which we have referred. It does not therefore contain a statement of facts constituting a cause of action. Upon this point then, we think the demurrer should have been sustained.

2. The second cause of demurrer is, we think, without foundation, under the amended petition, but it would have been good against the original petition which merely denied the facts in the affidavit, upon which the attachment was authorized, without averring that the defendant had not sufficient reason to believe those facts, as required in *Winchester* v. *Cox*; [a] but the amended petition avoids this difficulty. It charges directly, though in general terms, that the attachment was wrongfully sued out, and seeks to recover exemplary damages, by avouching that it was sued out with wilful wrongfulness. True, the statement of facts is not very specific, but if this statement was made in a petition founded upon the bond, with the bond annexed as a part of the petition, it would be good, because it is in the language of the Code, and founded upon a written instrument. Although the allegations are broad, still they " convey a certainty of meaning," they show a " substantial cause of action," if that action had been founded upon the bond ; and they tender an issue of facts that may be specifically

[a] *ante,* 121.

admitted or denied by the answer. If denied, the only questions to be determined by the jury, are: 1. Was the attachment wrongfully sued out? 2. Was the attachment sued out, wilfully wrong?

Under such an issue, it is true the plaintiff would not be confined to any specific part of the proceedings, to show the wrongful act, and still it is such as the conditions of the bond contemplate, and it is authorized by the Code.

Judgment reversed.

*J. Scott Richman, H. O'Connor,* and *D. C. Cloud,* for appellant.

*J. Butler,* for appellee.